Sidney Messer, Transferee, et al. v. Commissioner.
Messer v. Commissioner
Docket Nos. 6523-65 - 6525-65.
United States Tax Court
1969 Tax Ct. Memo LEXIS 88; 28 T.C.M. (CCH) 1107; October 8, 1969. Filed DAWSON
Order DAWSON, Jr., Judge: On June 16, 1969, the Court filed its in these consolidated cases, wherein it was held, inter alia, that the proceeds from the settlement of the corporation's antitrust claim did not come within the nonrecognition of gain provision of section 337 "for a number of reasons," only two of which were set out in the opinion. On October 2, 1969, petitioners filed a motion for special leave to file motion for reconsideration. The motion was granted, and on October 6, 1969, a motion for reconsideration on the basis of the applicability of section 337 was filed. Having considered the arguments advanced by petitioners, it is ORDERED: That the motion for reconsideration be and hereby is denied for the following reasons: *89 1. The issue of the applicability of section 337 was not properly raised by the pleadings. See ; ; . 2. There is no evidence that the corporation distributed all its assets within the 12-month period required by section 337 (a)(2). Instead, the evidence, in particular Exhibit 11-K, clearly indicates that the corporation retained assets beyond the 12-month period: the last distribution to the petitioners herein was not until August 1, 1961, and the last disbursements to creditors was not until November 6, 1961. Yet, there is no evidence to show that the assets were retained for the purpose of satisfying claims of creditors, that such amounts were reasonable, or that the arrangement, if any, for paying creditors was made in good faith. These reasons, we think, are sufficient to deny the corporation the nonrecognition treatment of section 337 on the proceeds from the settlement of the antitrust claim. See section 1.337-2(b); . 3. Petitioners produced no evidence that the basis *90 of the corporation's antitrust claim was a "loss of property." []. Accordingly, the Court sustained respondent's determination that the corporation realized taxable income from the return of the notes and the cancellation of indebtedness to the extent that it received a tax benefit from the accruals and deductions of the royalties from 1953 through 1957. See ; (C.A. 4, 1949). Clearly, section 337 was not intended to override the tax benefit principle. (C.A. 9, 1962). Cf. (C.A. 5, 1948). Furthermore, petitioners cited no authority that the claim constituted 1108 "property" within the intendment of section 337. To the contrary, as we see it, the claim was no more than an "income item" and not "property" within the meaning of that section. See Bittker & Eustice, Federal Income Taxation of Corporations and Shareholders, pp. 402-403 (1966). 4. Petitioners cited no authority to support the proposition *91 that the settlement of an antitrust claim constituted a "sale or exchange" under section 337. While there does not appear to be any authority directly in point, there are a number of decided cases indicating that the settlement of a claim does not constitute a "sale or exchange" for capital gain or loss purposes. ; ; , affd. (C.A. 6, 1954). We think the rationale of these cases is applicable to the instant case. Therefore, the corporation is not entitled to the beneficial treatment of section 337 because there was no sale or exchange of the claim.